BROOKS (STIMPSON v.). See Case No. 13,454.

## Case No. 1,962.
### BROOKS et al. v. STOLLEY.

[3 McLean, 523;[1] 2 West. Law J. 396; 2 Robb. Pat. Cas, 281.]

Circuit Court, D. Ohio. April Term, 1845.

JURISDICTION—SPECIFIC PERFORMANCE—CONTRACT FOR USE OF PATENT RIGHT — PATENTS —CONDITIONAL LICENSE — INFRINGEMENT — WHAT CONSTITUTES — INJUNCTION — RIGHTS OF LICENSE—ABANDONMENT OF LICENSE—EQUITY—REFORMATION OF CONTRACT.

1. The circuit court of the United States has no jurisdiction to enforce the specific execution of a contract for the use of a patent right, where the parties live in the state where suit is brought: but they may, by injunction, protect the right of the patentee or his assignee from infringement.

[Cited in Goodyear v. Union India Rubber Co., Case No 5,586. Cited, but not followed, in Hartell v. Tilghman, 99 U. S. 555; Teas v. Albright, 13 Fed. 411.]

2. If a license to use a patented machine be conditional, the conditions must be performed, or there can be no right to the use. The use of the machine, under such circumstances, is an infringement, and may be injoined. There is no pretence of right, under the license, in such a case, and the question must be considered as though no license had been granted.

[Cited in Cohn v. National Rubber Co., Case No. 2,968; National Manuf'g Co. v. Meyers, 7 Fed. 358; Siebert Cylinder Oil-Cup Co. v. Detroit Lubricator Co., 34 Fed. 221.]

3. When a license to use a patented planing machine was granted. on rendering a weekly account of the boards planed, and paying on each thousand feet planed one dollar and twenty-five cents, and other conditions, the payment must be made weekly, &c., to authorise the use. Any alleged failure by the patentee or his assignee, under the contract of license, will not authorise the use, unless the defendant has done every thing in his power to perform the contract. In such a case there is no adequate remedy at law.

[Cited in Hartshorn v. Day, 19 How. (60 U. S.) 222; Birdsall v. Perego, Case No.

1.435; Cohn v. National Rubber Co., Id. 2,968.]

4. As the defendant justifies under the license, he must show the performance of the conditions of the grant.

5. A party claiming a right under a contract, must take it as agreed to by the parties.

6. Equity will direct the cancelment of a contract for fraud or mistake, but it cannot alter the contract.

[Cited in Washburn & Moen Manuf'g Co. v. Wilson, 19 Fed. 235.]

7. Jurisdiction being acquired, on the ground of infringement, the court may settle other matters between the parties in the case, which do not afford original ground of jurisdiction.

[Cited, but not followed, in Day v. Hartshorn, Case No. 3,683; Bloomer v. Gilpin, Id. 1,558; White v. Lee, 3 Fed. 223.]

8. The defendant will be injoined except on the terms of the license.

9. Under the circumstances, the failure of the defendant cannot be considered as an abandonment of the license.

[In equity. Bill by Moses Brooks and Joseph L. Morris against John H. Stolley to enjoin infringement of a patent for an improvement in wood-working machines, granted to William Woodworth December 27, 1828, and extended to his administrator February 16, 1842. Complainants' application for a provisional injunction granted conditionally.]

Wright & Coffin, for complainants.
Walker, for defendant.

McLEAN, Circuit Justice. This is an application at chambers for an injunction to restrain the defendant from using a certain planing machine, claimed by the complainants under Woodworth's patent. In their bill, the complainants set out the obtainment of the original patent by Woodworth, and the renewal of it by his administrator, the 16th November, 1842, all of which proceedings are alleged to be formal and valid: and they further state that they are the assignees of the patent for Hamilton county, Ohio, and other territory, as specified in the assignment; that in the above county, they have had for a long time the machine in operation, and that the defendant, having full knowledge of this, applied for a license to run said machine in Hamilton county, which was granted by the complainants, agreeably to the terms of a sealed contract, dated the 11th of September, 1843; that, by the contract, defendant bound himself to pay to the complainants one dollar and twenty-five cents for every thousand feet of boards he should plane, to be paid on Monday of every week, and that he should render an account, if required, under oath, and also should keep books, to which the complainants should have access, and in which the boards planed should be entered; that the defendant should require payment in cash before the boards planed, except those planed for himself, should be taken out of his possession; that, for a short time, the defendant complied with the contract by making payment, &c., but for some time past he has utterly refused to make the stipulated payments to the complainants, and in other respects has refused to be governed by the contract, although he still continues to run the machine; and on this ground an injunction is prayed, &c.

The defendant admits the obtainment, renewal and assignment of the patent, as stated by the complainants; but he denies the validity of the renewed patent. He denies that he has refused to render an account of the plank planed, or that he has rendered a false account. His books, he alleges, have always been accessible to the complainants, but he admits the failure to make payment, and he avers that the complainants have, in several respects, violated the contract on their part; that he was deceived as to the import of certain parts of the contract, &c., and he insists that the complainants have ample remedy at law, &c. The application is made on the bill and contract referred to; and on these it must be considered, in connection with the answer. In the argument, an objection is made to the jurisdiction; and this will be first examined.

It is suggested that, as the whole controversy in the case arises under the contract of license, the parties to which being citizens of this state, the federal court cannot take jurisdiction. This objection would be unanswerable, if no right were involved in the controversy, except what arises out of the contract: as, for instance, the circuit court could take no jurisdiction under the contract, of an action, merely to recover the sums agreed to be paid by the defendant; but, in the present aspect of the case, it is not limited to the contract. The complainants set up their right under the patent, and allege that the defendant is infringing that right; that the license affords no justification whatever to the defendant. The right then of the complainants to an injunction, is not founded by them on the contract, but on the assignment of the patent. If the object of the bill were merely to enforce a specific execution of the contract, the circuit court of the United States could exercise no jurisdiction in the case. It must be admitted that the contract constitutes an important part of the case. Except on the ground that the patent is invalid, under which the complainants claim, there is no pretence of right by the defendant to use the machine, unless he derives it from the contract. In this view, the contract must be considered as a license to the defendant, and its terms must be construed. As the validity of Woodworth's patent, and the assignment to complainants, as far as regards the right to an injunction, has been heretofore considered and decided, on this motion that question will not be examined. It may not be im-

proper, however, to suggest, whether the defendant, having acknowledged the validity of the complainants' right, under his hand and seal, is not estopped now from denying it. If in this admission he was misled, and on that ground contends that he is not bound by it, he must repudiate the contract, and claim nothing under it. He cannot claim that part of the contract which may be favorable to his interests, and reject that which operates against him. The defendant admits that he has failed to make payment, which is the important fact of the agreement, as it constituted the only motive which the complainants could have had to enter into the agreement. But as the weekly payments may be enforced at law, it is contended that the remedy is at law, and not in equity. Whatever right the defendant can have to run the machine, arises under the contract; and the payment of the consideration is the foundation of that right. Can he claim a benefit under a contract which he has refused to perform? The defendant by the agreement was to use the machine, in the language of the writing, "on conditions hereinafter mentioned." The weekly payments, planing for cash only, no credit, &c., &c., being stated, the contract proceeds: "now in consideration of the propositions aforesaid, to wit, that the said John Stolley shall pay said Brooks & Morris one dollar and twenty-five cents for each and every thousand feet of boards he may plane, payable on Monday of every week, &c., and shall do the other things stipulated, the said Brooks & Morris license said Stolley the right of running either of his two machines, provided he does not run both at the same time, &c., and provided also he shall keep and perform on his part all the stipulations aforesaid."

Now the terms of the contract make the performance of its stipulations by the defendant a condition to his continued use of the machine; and if the words of the contract did not import, and indeed clearly sustain this view, equitable considerations, arising from the nature of the contract, would require such a construction of it. The payment is to be made weekly. Could any reasonable construction of the contract give the right to run the machine by the defendant, in default of such payment? The frequent settlement and payments show that longer indulgence was not intended by the parties, and that a remedy at law would be no adequate relief to the complainants. To enforce the payments by legal means, would require a weekly suit; and this would subject the complainants to inconvenience, delay and expense, which would nearly, if not quite, be equal to the amount recovered. Such a construction of the agreement would be as inequitable as the remedy proposed would be inadequate. If the defendant claims any right under the contract, he must show that he has done everything on his part, which

in equity he can be required to do, to entitle him to the right asserted. He has a license to use the machine on certain conditions; but it does not follow that he may use it without conditions. The alleged violation of the contract by the complainants, does not help the equity of the defendant. He asks a specific execution of the contract, for he justifies under it. Can he do this on the ground that the complainants have given a license to others to use Woodworth's patent, in violation of the agreement? In admitting his failure to make the weekly payments, he, in effect, admits that he has done nothing to entitle him to the use of the machine. The complainants, in the close of the contract, reserve the right, under certain circumstances, to give other licenses. This the defendant avers was not understood by him, and that he was overreached by it. If the defendant be dissatisfied with the contract, he has only to abandon it. He is under no obligation to run the machine. But if he do run it, he must conform to the conditions on which the right to do so was granted.

The complainants invoke the aid of equity, not to decree a specific execution of the contract, but to protect their rights as assignees of the patent. This right they allege has been infringed. The defendant relies on the license contained in the contract; but, having failed to make the weekly payments, he has no pretence of right to run the machine. To entitle himself to the benefit of the license, it is incumbent on the defendant to do all which he is bound to do; and then, if he fail in the strict performance, by reason of the act of the complainants, he will be equally entitled to the use of the machine, as if he had literally and fully performed his part of the contract—as if he had tendered the weekly payments, having kept a regular account, and the complainants refused to receive the money, the defendant's right could not be questioned. But he has failed either to make or tender these payments. He, therefore, can have no standing or claim in law or equity, either to the use of the machine or to damages from the complainants.

A question is made whether the failure of the defendant to make the weekly payments operates as a forfeiture of the contract. There is no condition of forfeiture in the contract. Whether it has been abandoned by the defendant must depend upon the circumstances of the case. A court of chancery will not decree the cancelment of a contract, except for fraud or mistake. In this case, the party who has violated the contract, and complains of its unfairness, claims the benefit of it. A court of equity, as well as a court of law, must act upon a contract as it is; or, for sufficient reasons, chancery will direct it to be delivered up and canceled. The right claimed by the complainants is an equitable right, which is pro-

tected by the exercise of the extraordinary jurisdiction of a court of chancery: and in this view, it is of no importance whether the alleged violation is under the pretence of a license or not. If the defendant have no license to use the machine, as he is now using it, he is without right or excuse. An injunction is prayed, which, in effect, will annul the contract. Now, although it may be admitted that the defendant, as the facts of the case stand, could not successfully invoke in his behalf the action of a court of equity or of law, yet, under the relief asked by the complainants, a somewhat different view may be taken. Are the complainants entitled to an absolute injunction, which shall annihilate the contract? It appears to me, that short of this, adequate relief may be given. In this respect the case is altogether different from an ordinary case of infringement, where no contract has been made by the parties. In that case an absolute injunction is the only adequate relief; but, in the case under consideration, the complainants have licensed the defendant to use the patented right on certain conditions. If the use go beyond these conditions, there is an infringement, which must stand upon the general ground, unaffected by the contract; and as to such an use, the injunction should be absolute. On this ground the jurisdiction in this case is sustainable; and, having jurisdiction, the court may decide other matters between the parties, which, of themselves, might not afford ground for the original exercise of jurisdiction.

Upon the whole, I will allow the writ prayed for, to enjoin the defendant from the use of the planing machine described in the bill, unless he shall pay, or offer to pay, to the complainants, one dollar and twenty-five cents for each and every thousand feet of boards he may have planed, the preceding week, every Monday, during the unexpired term of the patent; and unless he shall keep a regular account of the planing done, and permit the complainants to have access to the books, and unless the defendant shall also do the other things, which, by the contract, he is bound to do, as the conditions on which he is authorized to use the machine.

[NOTE. For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,-389.

[During the suit complainants assigned their rights as assignees to one Wilson, and on the final hearing a decree was made, dissolving the provisional injunction, denying the prayer of the bill, and requiring defendant to pay the rent stipulated for the use of the machine up to the time of the assignment. See Case No. 1,963.

[Wilson, who was not a party to this suit, thereafter filed a bill against the same defendant to enjoin infringement, and made a motion for a provisional injunction, which was denied because of a defect in the bill. See Wilson v. Stolley, Case No. 17,839. Subsequently he recovered in an action for damages for the same infringement. See Id. 17,840.]