## WASHBURN & MOEN MANUF'G CO. *v.* WILSON.

*(Circuit Court, S. D. New York.* January 2, 1884.)

CONTRACT—CONSTRUCTION—DEPENDENT AND INDEPENDENT STIPULATION.

The Washburn & Moen Manufacturing Company granted Wilson an exclusive license to manufacture bale-ties under their patent, in New York city, for which he agreed to pay them certain royalties every month. He afterwards invented a splicing-machine, and made a written agreement with the company, by the terms of which he was to assign to them for $300 the patent for his machine when secured, and they were to grant him back a license to use the

machine, under certain conditions, while he was to continue paying the royalties. The patent was obtained, and the assignments were made according to agreement, but Wilson refused to pay the royalties. The manufacturing company thereupon brought suit to restain him from using the splicing-machine till the royalties were paid; but, *held*, that the license to use the machine was independent of the agreement to pay the royalties, which had to do only with the previous license to manufacture bale-ties.

In Equity.

*W. B. Hornblower*, for orator.

*Edwin S. Babcock*, for defendant.

WHEELER, J. The orators own reissued letters patent No. 7,388, dated November 7, 1876, and original letters patent No. 66,065, dated June 25, 1867, for wire bale-ties, and December 6, 1878, granted to the defendant an exclusive license for the city of New York and its neighborhood to make such ties of wire that had been before used for binding bales, for the term of one year, and agreed to license him for an additional year, for which he agreed to pay on the fifteenth day of each month a royalty of 10 cents for each 250 ties made the last previous month. The defendant invented a machine for splicing wire, made application for a patent, and on the twelfth day of June, 1879, while the application was pending, agreed with the orators that they should have the invention, when he got a patent, for $300, and grant him the right to use his machine in the United States except for uniting the ends of bale-ties in position around bales, and not to license any one else to make ties under their patents, nor engage in splicing wire themselves, within 25 miles of New York city, and that he should continue to pay the royalties on the former patents during their term on all ties he should make and not sell to the orators. His patent was granted and assigned to the orators, and a license back for his machine executed, according to the agreement, but he did not continue to pay the royalties according to the agreement, and they brought suit and recovered judgment for $728.71 arrears, with $313.15 costs. This suit is brought to restrain the defendant from using his machine without paying these royalties. These agreements were in writing, signed by the parties, and contained some stipulations other than those mentioned, not here material, but none that the license should cease on or be revocable for non-payment, and no express condition on the subject of the license.

It is claimed in behalf of the orators that the grant of the license by the orators, and the agreement to pay the royalties by the defendant, were so far dependent stipulations that the law would imply a condition that the benefits of one should not be enjoyed without a reciprocal performance of the other; or that such enjoyment without performance would be so unjust and inequitable that a court of equity should restrain the enjoyment until performance should be made or secured. This claim is not acquiesced in by the defendant, but is disputed. The court cannot make nor unmake, even in equity, the contracts of the parties; at most, it can only interpret and enforc

them. This is all that the orators claim; but they insist that these contracts should be so interpreted as to require performance by the defendant, if he is to enjoy the license. If the royalties were to be paid for the privileges of the license, so that one was the exact consideration for the other, there might be reason founded in some authorities for the orators' view. *Withers* v. *Reynolds,* 2 Barn. & Adol. 882; *Chanter* v. *Leese,* 5 Mees. & W. 698; *Brooks* v. *Stolley,* 3 McLean, 523. These royalties were stipulated for in the first contract before the subject of the license under consideration was in existence far enough to be mentioned or alluded to in it. The agreement to pay them was the consideration for the grant of the license under the patents which the orators then owned. The agreement to assign the patent for $300 appears to have been the substantial consideration for the license under that patent. The term of the license is the term of the patent. The right to the royalties expires with the term of the former patents. The defendant assigned his patent to the orators with the agreement that they should grant him back this license. In effect it was the same as if he had assigned all the rights secured by his patent, except those secured by the grant of the license, or had assigned the patent reserving those rights. Had the conveyance taken this form there would have been no grant of a license whatever which could have formed the consideration for the royalties, and no ground to claim that the machine of defendant should not be used unless the royalties should be paid. This is the substance of the arrangements made. The defendant never parted with the right to use his machine. By the instrument by which it was provided that he should assign his patented invention, it was provided that this right should be reassigned. He assigned the invention, and the right was reassigned. So this right was always his; he did not buy it, nor hire it, but created it under the law, and never agreed to pay anything for it, and cannot legally be compelled to pay anything as a condition for enjoying it.

Let there be a decree dismissing the bill, with costs.