New-Haven,
June, 1815.

## BULL and another *against* PRATT.

In an action on the case for fraud in the sale of a privilege under a patent-right, the plaintiff proved that a certain patent had been granted previously to a third person, and then offered parol evidence to shew that the defendant's patent was for the same invention: Held that such evidence was admissible.

*A.* having a prior patent for the same invention for which *B.* had obtained a patent, entered into a written agreement with *B.* for a valuable consideration, that neither *A.* nor his heirs would thereafter sue or disturb *B.* for a breach of *A.*'s patent-right, but that *B.*, without molestation, might freely act under his patent-right as if *A.*'s had never existed : Held that this agreement gave only a personal licence to *B.*, and conveyed to him no right which he could transfer.

Where a party claiming a patent-right, granted a licence to build and use a patent machine, and in the bill of sale described the machine thus—" one machine for cutting, making and manufacturing combs, like the machines which I use and improve, *and such as I have a patent-right for :*" Held, that the latter clause did not amount to a covenant on the part of the vendor, that he had a valid patent right.

An action on the case will lie for representations made by the defendant, knowing them to be false, as to the validity of a patent-right claimed by him, whereby the plaintiff was induced to purchase.

THIS was an action on the case for fraud in the sale of a patent-right and licence to build, use, and dispose of a machine for manufacturing combs. The declaration was in substance as follows : " That the defendant offered to the plaintiffs to assign and sell to them a patent-right and licence to build, erect, use and improve, and also liberty to dispose of a certain machine for cutting, making and manufacturing combs, in consideration of the sum of 500 dollars to be paid by the plaintiffs to the defendant ; and the defendant, that he might induce the plaintiffs to purchase said right and licence, confidently affirmed and declared to the plaintiffs, that he owned and possessed, as the sole proprietor thereof, a good and valid exclusive patent-right for cutting, making and manufacturing combs, and for improvements in machines for making the same, secured by letters patent under the authority and laws of the *United States* ; and he further falsely and fraudulently affirmed and declared to the plaintiffs, that the same was of great value, and that he had good right to sell the same, or any part thereof, as and for a good and valid patent-right, and thereby induced the plaintiffs to purchase a pretended right in and to the same ; and the plaintiffs giving credit to the said false and fraudulent affirmations of the defendant, paid and secured to be paid, as a consideration for the same, the sum of 500 dollars ; and the defendant pretendedly assigned and conveyed to the plaintiffs a right to build, erect, use, and improve a machine for cutting, making and manufacturing combs, and also the privilege to dispose of the same, under certain limitations and restrictions : Now the plaintiffs say, that the defendant in fact owned and possessed no exclusive patent-right, and had no right to sell the same, nor any part thereof,

for cutting, making and manufacturing combs, but the said patent-right which the defendant claimed to hold, is, and at the time of said false representations and fraudulent conveyance, was, and ever has been utterly void." The conveyance above specified was recited in the declaration, and was as follows : " Know ye, that I *Abel Pratt* of *Saybrook*, for and in consideration of 500 dollars, secured to be paid to me by *John Bull* and *Ezra Bull* both of said *Saybrook*, do hereby give and grant liberty and licence to the said *John* and *Ezra*, or either of them, to build, erect, use and improve, with two hands and no more, one machine for cutting, making and manufacturing combs like the machines which I use and improve, *and such as I have a patent-right for ;* and I do further grant liberty and licence unto the said *John* and *Ezra* to dispose of the right which I have hereby granted them, whenever they are disposed to quit the business, under the same limitations and restrictions as mentioned above, *viz.* that the said machine shall not be used or improved by more than two hands ; and the said *John* and *Ezra* shall, in case they dispose of the above mentioned right, take good and sufficient bonds that the secrets of the art or mystery shall never be divulged or disclosed in any way or manner that may be injurious to me, or to any person to whom I have or may dispose of patent-rights, or to whom I have or may grant liberty or licence to use and improve comb-machines. Witness my hand in *Saybrook*, this 27th day of *February*, *A. D.* 1807. *Abel Pratt.*"

The cause was tried at *Middletown, December* term, 1814, before *Trumbull, Baldwin* and *Ingersoll,* Js.

On the trial, the plaintiffs read in evidence an authenticated copy of a specification of a patent for a machine for making combs, granted to *Phinehas Pratt,* in 1799, and of another specification of a patent for making combs, granted to *Isaac Tryon,* in 1798. The plaintiffs then offered parol evidence to prove, that the machine conveyed by the defendant to them, was the same as that described in the patent of *Phinehas Pratt ;* and that the latter was the same as that described in *Tryon's* patent, and invented by him. The defendant objected to the admission of any parol evidence to prove these facts. But the court overruled the objection, and admitted the evidence offered.

The defendant claimed that he had a valid patent-right by

assignment from *Phinehas Pratt.* The plaintiffs contended, that *Phinehas Pratt's* patent was surreptitiously obtained from *Tryon.* To repel this charge, and to shew that he had an equitable and legal interest in the machine in question, the defendant offered in evidence the following written instrument: " Received of *Abel Pratt* of *Saybrook,* 300 dollars, in full satisfaction of my suit against him before the circuit court of the *United States* in and for the district of *Connecticut* for breach of patent-right; and I do hereby release and discharge the same; and in consideration of the premises, I do further agree with said *Pratt,* that neither I, nor my heirs, will ever hereafter sue, or in any manner disturb him, under the pretence of a breach of my patent-right for manufacturing combs, but do agree that without molestation, directly or indirectly, from me, or any under me, or my heirs, *he may freely act under his patent-right as if mine had never existed.* Witness my hand, &c. *Isaac Tryon.*"

The court, on the objection of the plaintiffs, rejected this writing as irrelevant.

The charge to the jury was as follows: " If you shall be of opinion from the evidence, that the defendant, to induce the plaintiffs to purchase a licence to use his machine, did affirm that he was the sole owner of the same, and had an exclusive patent-right to use it, and grant licence for its use, and the plaintiffs thereon purchased and paid for a licence; and also find, that the defendant surreptitiously obtained his knowledge, and the model and principles of the machine secured by patent to *Tryon,* and made no new discovery, or essential improvement upon it, which entitled him to secure a right by patent; or that the patent obtained by the defendant was void on any other ground, and that he had no exclusive right; and that the defendant, at the time he made those affirmations, knew that his title was defective and void; and that the plaintiffs have thereby suffered injury and damage; you will find that the defendant is guilty," &c.

The jury found a verdict for the plaintiffs; and the defendant moved for a new trial, on the ground that the decisions of the court admitting the evidence offered by the plaintiffs, and rejecting that offered by the defendant, and also the charge to the jury, were incorrect. The questions arising on this motion were reserved for the consideration and advice of the nine Judges.

New-Haven,
June, 1815.
Bull
v.
Pratt.

*Staples* and *C. Whittelsey*, in support of the motion, contended, 1. That the parol evidence offered to shew that the patent-right sold to the plaintiffs was the same as that described in *Phinehas Pratt's* patent, and thus to shew that the defendant had no letters patent, was improperly admitted; first, because the declaration does not allege that the defendant had no letters patent; secondly, because this can be shewn only by an examination of the books of the patent-office. If the object was to shew that the defendants' letters patent were *void*, the evidence offered was inadmissible, unless such letters, or copies certified according to the laws of the *United States*, were produced. The nature of letters patent cannot be proved by parol; for they are matters of record. At any rate, such evidence ought not to have been received, until the plaintiffs had given the defendant notice to produce his letters patent.

2. That the writing offered by the defendant, ought to have been received. This grant was a conveyance of *Tryon's* patent so far as it was concurrent with *Phinehas Pratt's* patent. It placed the defendant in the same situation as though there had been but one patent, and that to him. Besides, the evidence was proper to repel the charge of fraud.

3. That as the defendant in his conveyance to the plaintiffs, covenanted that he had a patent-right, the action should have been on the covenant, and not on the case for fraud. The court, therefore, instead of charging the jury that if they found certain facts, their verdict must be for the plaintiff, ought to have told them, that no recovery could be had in this form of action.

*N. Smith* and *Clarke*, contra, insisted, 1. That the plaintiffs were not bound to resort to the records of the patent-office for evidence to support this action, the gist of which is fraud. It was sufficient to shew, that what the defendant claimed under a patent, and sold to the plaintiffs as of value, he well knew was of no value. Any evidence which should tend to establish this point would so far prove the plaintiffs' case, and might be properly received. The claim on the part of the defendant, that the plaintiffs must produce a patent, or an authenticated copy from the patent-office, to him, or the person under whom he claims, is absurd; for it would not affect the plaintiffs if no such patent had ever been gran-

*New-Haven,*
June, 1815.

Bull
*v.*
Pratt.

ted. The defendant claimed that he had a valid patent-right; and the plaintiffs proved that what he so claimed was void and worthless.

2. That the operation of the writing given by *Tryon* to the defendant was only to release the action then pending, to secure the defendant from future suits for breach of the same patent-right, and to give the defendant liberty to act under his own as if *Tryon's* had never existed. This was no conveyance of *Tryon's* patent-right; much less did it authorize the defendant to make an assignment of it.

3. The charge was correct. There is no covenant in the assignment to the plaintiffs, which they could sue upon. Besides, if there was, it would not preclude a recovery in an action on the case for the fraud.

SWIFT, Ch. J. The ground of the plaintiffs' action is, that the defendant sold to them a patent-right, when a previous patent had been given, which secured the same thing. It was not necessary that they should prove, by evidence from the office of the secretary of state, that letters patent had issued to the defendant, or the person from whom he derived his claim. It was sufficient to shew, that a previous patent had been issued to *Tryon*, securing the privilege of using the same machine which the defendant used, and which he had sold to the plaintiffs, whereby it was void. To shew this, the evidence offered was pertinent, and was properly admitted.

The defendant, to shew that he had purchased the patent-right from *Tryon*, offered a certain writing in evidence. This writing contained nothing but a licence to the defendant to use his machine without liability to *Tryon* for violating his patent-right. The licence was personal, and did not convey to the defendant the power of transferring the right of *Tryon*; nor did it contain any engagement that he would not sue the grantee of the defendant for using his machine. The writing, therefore, was irrelevant, and properly rejected.

The defendant further contended, that here was a sale in writing of the patent-right, with a covenant; and that the plaintiffs can maintain no action but on the written contract.

There was no express covenant in the written contract. The *gravamen* of the plaintiffs' action is, that the defendant falsely represented to them, that he had a valid patent-right,

by which they were induced to purchase it, when the defendant knew that he had no such patent-right. This is a fraud for which action will lie.

In this opinion the other Judges concurred.

New trial not to be granted.