## HUNT v. HOOVER.

1. Amendment: NEW ALLEGATIONS. In an action for damages resulting from the fraudulent representations of the defendant in relation to the nature of a patent right sold by him to the plaintiff, the plaintiff may so amend a count which, out of several in his petition, he has been compelled to elect and stand upon, as to declare for the first time for a breach of warranty in such sale as well as for the fraud.

2. Jurisdiction: STATE COURTS: CASES RELATING TO PATENTS. The State courts have jurisdiction in actions for damages resulting from the fraudulent representations of a patentee in regard to the nature of the patent, and to inquire therein whether the patent was for the purpose thus represented or for a different one.

*Appeal from Mahaska District Court.*

FRIDAY, APRIL 10.

PLAINTIFF seeks to recover $6,000 for false representations and a breach of warranty in the sale to him, by defendant, of a patent right for "a new and useful process for making sugar from sorghum and other cane."

Trial, verdict and judgment for $2,800, and defendant appeals. For other facts see the opinion.

*Seevers & Williams* and *Z. T. Fisher* for the appellant.

*M. E. Cutts* for the appellee.

WRIGHT, J. — The petition contained, at first, three counts. Defendant moved for a more specific statement, 1. AMENDMENT: setting forth why and for what reasons the new allega- patent was useless. This was sustained. tions. Plaintiff elected to stand upon the third count of his petition, and "for a more specific statement of his cause of action *and as an amendment* to his petition, says, etc." The third count originally was for fraud. This amendment counts upon the warranty as well as fraud. Defendant moved "to strike from the paper filed, as a more specific statement, all claim based upon the alleged warranty," because no such claim was made in said third count, etc. There was a demurrer also, upon the ground that the court had no jurisdiction of the subject of the action. The motion and demurrer were both overruled; and in these rulings we have the matters principally demanding our attention.

The point that plaintiff could not, by simply making a more *specific statement*, change the basis of his action, or convert it from an action for fraud to one for a breach of the alleged warranty, is without force; for the reason that he not only undertook to do this, but *amend his petition*. This he clearly had a right to do, and, in so doing, he might proceed for the first time for a breach of the warranty. He undertook to do no more than this, and the court below, therefore, did not err in overruling the motion to strike. And in reaching this conclusion there is the less difficulty, since, under the testimony and

Hunt v. Hoover.

instructions, there is not the slightest reason for supposing that the verdict was based upon such breach of warranty.

Plaintiff was not contesting the validity of defendant's patent — nor the sufficiency of the process therein des-

2. JURISDIC-
TION : State
courts: cases
relating to
patents. cribed and contained to accomplish the purpose proposed. The basis of his action was, that defendant had fraudulenty misrepresented the nature of his patent — concealed from him its true and actual aim and purpose, had represented that it was a patent for making sugar, etc., when, in fact, he. never had any such patent, and that the right which he assigned to him, and for which he was paid $3,000, was for another and different purpose. That the State courts have jurisdiction to try such controversies we entertain no doubt. *Bull* v. *Pratt*, 1 Conn. 342, — not very unlike the case before us; *Brooks* v. ·*Stolley*, 3 McLean, 523. *Elmer* v. *Pennel*, 40 Maine, 430, differs from this, in that there the question was whether the State courts had jurisdiction to declare a *patent void*, or to entertain a suit for the infringement thereof. But see *Dickinson* v. *Hall*, 14 Pick. 217; and to the same effect is *Dudley* v. *Mayhew*, 3 Comst. 9. Indeed, no case has been found denying, either directly or by implication, the jurisdiction of the State courts in cases like that before us.

And in this connection, we may dispose of the objection, that the court erred in admitting proof that the patent was worthless, and entirely useless. The objections made were, that the proper inquiry was what was the patent worth for the purposes represented; and, also, because the testimony tended to show that the patent was void, which question the court had no jurisdiction to try.

If the testimony offered established the fact, that the patent was worthless and utterly useless, this would cer-

tainly be competent as tending to show what it was worth, if any thing, for the purpose represented, and stated by defendant. And we only add, what has already been sufficiently shown, that the patent might have been ever so valid in its inception, the right to issue it clear beyond question, and it still be true, that it was worthless, and useless for the uses and purposes represented, and stated by defendant in his negotiations with plaintiff.

The testimony was voluminous and, upon the main points involved, to some extent, conflicting. The instructions were very clear and quite favorable to defendant. If the jury believed the plaintiff's testimony, the verdict was right. That they were justified in so doing, we entertain no doubt. The motion for a new trial, because the verdict was not warranted by the evidence, was properly overruled.

Affirmed.