## LOCKWOOD v. LOCKWOOD & FREDERICK.

1. Patent: CONTRACT RESPECTING : PAROL EVIDENCE : JURISDICTION. When the plaintiff claimed to be the inventor of a certain improvement, and that, for a consideration, promised to be paid by defendants, he agreed to and did allow them to apply for and receive the patent in their own name, it was *held,* that this agreement might be established by parol evidence, and that plaintiff might recover thereon the consideration agreed to be paid.

2. —— Further *held,* that the claim of plaintiff did not involve any question as to the validity of the patent, or its assignment, or its rightful issue to defendants, and hence that the State court had jurisdiction to try the case.

*Appeal from Marshall District Court.*

FRIDAY, FEBRUARY 23.

ACTION to recover an alleged agreed compensation for permitting defendants to patent in their names an invention made by the plaintiff for an improvement in the con-

struction of cast-iron sled runners. The partnership of the defendant is admitted, as is also the allegation that a patent for said improvement was issued to them; the other allegations are denied. The defense is made alone by Frederick, but in the name of the firm. The defendant, Lockwood, is a brother of plaintiff, and had paid him $500 in discharge of one-half of any judgment he might obtain. Trial to a jury; verdict for $1,100; judgment for $600. The defendant Frederick alone appeals.

*Boardman, Brown & Williams* for the appellant.

*Henderson & Merriman* for the appellee.

COLE, J. — The appellant's counsel have discussed, with much ability and evident research, the questions as to the right of plaintiff, under certain circumstances, to prove by parol that the improvement was his invention; that the patentees were not the inventors; that the assignment was by parol, and that the plaintiff is estopped by the letters patent from showing that the defendants were not the inventors. We do not know that we should differ with the appellant's counsel in respect to the doctrines they contend for; but, in our view, the right of the plaintiff to recover is grounded upon a question lying back of all these, and not affected by them.

The plaintiff claims, and the jury found, that he was the substantial inventor, while in the employ of defendants, but by the use of time which was his own, of the improvement in question; and that, in consideration of the defendants' promise to pay him a fair and reasonable compensation for said invention, proportioned to the success in its sale, etc., he agreed to, and did allow them to, apply for and receive a patent in their own names. That this contract might be made and proved by parol, we see no good reason to question, upon principle, nor has our

attention been directed to any authority questioning it. Nor do we see how the fact, that the defendants went on and procured the patent, pursuant to said agreement, could work an estoppel upon the plaintiff. He claims nothing inconsistent with the rights of the defendants under the patent; but he claims the consideration which they agreed to pay for the plaintiff's waiver of his own rights, and his permission that they should acquire what they have acquired pursuant to that agreement.

The defendants offered in evidence the affidavits made by themselves in procuring the patent, to the effect that they were the inventors, etc.; but the affidavits were rejected, on the objection of plaintiff, as being immaterial. This ruling was correct, for these affidavits would not tend to contradict the claim or contract under which plaintiff sues, for they were made in the execution of it, and strictly consonant with it. The effect of the contract, which was a waiver of plaintiff's right to obtain a patent, and his permission that defendants might do so, was substantially the same as if the defendants had employed plaintiff to use his time in making an invention for them to procure a patent upon. In such case they could not avoid paying him the agreed price for his time. What has been said disposes of the errors assigned upon the instructions and evidence.

Upon the questions made, respecting the jurisdiction of the State courts to try cases involving patents, etc., it is only necessary to remark that the claim of the plaintiff is not grounded upon any question as to the validity of the patent, or its assignment, or its rightful issuance to the defendants as patentees. All these are conceded; and being so conceded there can be no doubt that the State court has jurisdiction. *Hunt* v. *Hoover*, 24 Iowa, 231; *Moore* v. *Bare*, 11 id. 198. Nor is there any thing in the case tending to show fraud, legal, actual or constructive, or any contravention of public policy.

The jury found a verdict for $1100. From this the court deducted $500, and rendered a judgment for $600. The agreement proven between the plaintiff and his brother, one of the defendants, was, that the $500 should be in full for one-half of any judgment (or verdict) recovered in the case. There should have been deducted, therefore, one-half the amount, or $550, and a judgment entered for a like sum. The judgment will accordingly, but at costs of appellant, since he made no motion to correct the same in district court, be

Modified and Affirmed.