## MEYERS v. FUNK ET AL.

1. **Contract:** FOR SALE OF PATENT RIGHT: FRAUDULENT REPRESEN-
   TATIONS.   The plaintiff conveyed lands to the defendant in considera-
   tion of the assignment to him of an interest in a certain patent which
   the defendant represented had been issued to him on an article of his in-
   vention, but which, in fact, had not at the time been issued, and when
   a patent was afterward granted on the invention it did not cover all the
   points claimed by the defendant:   *Held* that the plaintiff was entitled to
   a rescission of the contract.

*Appeal from Adair Circuit Court.*

FRIDAY, APRIL 22.

IN June, 1868, the plaintiff, being the owner of 680 acres
of land in Adair county, exchanged the same with the de-
fendant E. H. Funk, for an assignment of an interest in letters
patent upon "E. H. Funk's Flora Temple Churn," which
letters patent were said to have been obtained in 1866.   The
territory assigned to the plaintiff embraced the State of Iowa,
and certain counties in the State of Missouri.   No other con-
sideration passed between the parties.   The land was owned
by the plaintiff in fee, and he executed and delivered to said
Funk a deed thereto, which conveyed a good title.   At the
same time the defendant executed an instrument which pur-
ported to convey the said interest in the patent right.

In July, 1872, this action was commenced, by which it is
sought to set aside the conveyance of the land, and rescind
the contract, on the ground that said E. H. Funk did not have
letters patent upon said churn, issued in 1866, nor at the time
said exchange of property was made, and that the conveyance
of said land was, therefore, wholly without consideration and
void, and upon the further ground that said Funk, to induce
the plaintiff to make such exchange, falsely and fraudulently
represented to plaintiff that he did have said patent.   The
defendant E. H. Funk answered, denying the alleged fraud-

ulent representations, and denying that he represented to .the plaintiff, at the time of the exchange of property, that he had obtained letters patent upon said churn. He further alleged in substance that in 1866 he invented a certain im-. provement in churn dashers, and he filed a .caveat in the patent office of the United States, claiming said invention as his own; that on the 15th day of September, 1868, he obtained letters patent upon said invention, and that between the date of filing said caveat and the issuance of said patent he had not parted with his interest in said invention in the State of Iowa, and said counties in Missouri, excepting by said assignment to the .plaintiff; that plaintiff did not rely on any representations made by the defendant, but that plain-tiff purchased said territory after testing and using one of said churns, and in reliance upon his own judgment and his personal knowledge of its practical working. It is further averred that the plaintiff and his sons have been in the actual possession of the said territory, and the patent right of the Flora Temple Churn, as conveyed to them, and has never before the commencement of the suit offered to rescind said contract; that it was defendant's intention to transfer and assign to plaintiff all his right to the improvement in churn dashers as afterwards patented to him, and he averred a readiness and willingness to make such conveyance, and with his answer brought into court and filed a formal conveyance of the said territory to the plaintiff under said patent of September 15th, 1868.

Lewis S. Funk intervened as a party defendant and averred that in February, 1872, he purchased of said E. H. Funk 240 acres of said land, and took his conveyance thereof; that he purchased the same in good faith, and for a valuable consideration, and without any notice of fraud or want of consideration in the conveyance from plaintiff to said E. H. Funk.

The plaintiff answered the petition of intervention by charging notice upon Lewis S. Funk, and alleged that he was a party to the fraud, and entered into collusion with E. H.

Funk, to cheat and defraud plaintiff, and well knew that E. H. Funk had no patent for said churn.

There was a trial upon written evidence, and a decree was entered rescinding the contract of exchange as prayed in the petition. Defendants appeal.

*Geo. L. Gow* and *John Leonard*, for appellants.

*H. Grace, Barcroft, Given & McCaughan* and *McCaughan & Dabney*, for appellee.

ROTHROCK, J.—I. There is a conflict in the evidence as to what oral representations were made by the defendant, E. H.

**1. CONTRACT: for sale of patent right: fraudulent representations.** Funk, during the negotiations for the exchange of property, and at the time the conveyances were delivered. We do not think it is necessary to give the evidence in detail. The question cannot be controlled by the number of witnesses which each party has produced and examined. The written assignment of the territory made by the defendant to the plaintiff recites that the "Flora Temple Churn" was patented in April, 1866. It purports to convey an interest in an invention which was then patented. It is conceded that the defendant exhibited a churn, at the time and before the trade was consummated, upon which was inscribed certain letters to the effect that it was patented, with the date of patent. With these proofs it is useless to argue that the defendant did not represent that the churn was patented in April, 1866. The writing, and the inscription on the churn, were standing representations to that effect, which cannot be gainsaid nor denied. That the defendant, in his answer and in his evidence, admits that the recital in the assignment is not true, and that he knew it was false, when he executed and delivered it, must be conceded, for the evidence shows without conflict that he did not even make application for a patent, until after the assignment to the plaintiff.

Meyers v. Funk.

It is contended by counsel for appellants that although the defendant had not procured a patent when he sold the territory to the plaintiff, yet that when he did procure it, the right of the plaintiff in the territory purchased by him vested and took effect by relation. But the proofs in the case show that the patent which was afterwards applied for and obtained did not cover all the improvements, or all of the invention claimed by the defendant when he made the assignment to the plaintiff. When he made his application for a patent for the invention claimed, the commissioner of patents decided that he was not entitled to letters patent for all that was claimed, because certain parts of it were covered by patents to others. Defendant then modified the claim first made, and took a patent in accordance with the decision of the commissioner. How material this modification was we need not inquire. We think it not too stringent a rule to hold that one who purchases a patent right which does not sell on its own merit, but requires the services of travelling salesmen, is entitled to the very invention and patent which he purchases, and nothing less.

It is said that the plaintiff should have promptly offered to rescind the contract, and that by reason of the delay he is not entitled to relief. But the evidence shows that he did not ascertain until a short time before he brought this suit that the defendant did not have a patent when he made the assignment. Besides, there really was no rescission necessary upon the part of the plaintiff. By the assignment to him he received absolutely nothing which a rescission would require him to restore to the defendant.

It is said that the court below had no jurisdiction to try the validity of the patent obtained by E. H. Funk in September, 1868; that the federal courts alone have jurisdiction of all actions in which the validity or force of letters patent is involved.

But the ready answer to this is that the validity of the patent which defendant obtained is not involved in the ac-

tion.   The issue presented here is, did the defendant falsely
represent that he had a patent dated in April, 1866, and did
he by means of such representation obtain a conveyance of
the plaintiff's land without any consideration?

The evidence shows beyond question that Lewis S. Funk is
not an innocent purchaser of the land claimed by him.   He
was present when the negotiations for the exchange of property
were made, and at its consummation.   His name appears as
an attesting witness to the assignment of the interest in the
pretended patent.   He took an active part in making the
trade, and joined in the representations made by the defend-
ant, who was his brother, and we think the evidence fairly
shows that he represented that he had assisted his brother in
obtaining a patent.

In our opinion the decree of the Circuit Court should be

AFFIRMED.