## NEW YORK FILTER CO. v. SCHWARZWALDER et al.

(Circuit Court, S. D. New York. October 16, 1893.)

PATENTS FOR INVENTIONS — INJUNCTION — CIRCULARS TO USERS OF INFRINGING ARTICLE.

One who, without unreasonable delay, begins suit against a manufacturer for infringement, will not be enjoined, in the absence of any showing of intention not to press the suit, from notifying such manufacturer's customers, in a temperate and courteous form, of his claim of infringement, and that he intends to enforce his rights against users as well as manufacturers.

In Equity. Bill by the New York Filter Company against Henry Schwarzwalder and August Finck, users, and the O. H. Jewell Filter Company, manufacturer, to restrain the infringement of letters patent. Motion by the O. H. Jewell Filter Company to restrain the complainant from issuing circulars to defendant's customers, asserting the complainant's exclusive right, and stating that he intends to enforce the same. Denied.

Philipp, Munson & Phelps, for complainant.
Deyo, Duer & Bauerdorf, for defendants.

LACOMBE, Circuit Judge. The New York Filter Company is the owner of letters patent No. 293,740, issued February 19, 1884, to Isaiah S. Hyatt, for an improvement in the art of filtration. It has brought suit in this circuit (March, 1893) against the defendants Schwarzwalder & Finck, proprietors of the Murray Hill Baths, in the city of New York, for infringement of the patent. The alleged infringing apparatus was bought by these defendants from its manufacturers, the O. H. Jewell Filter Company, a corporation created under the laws of the state of Illinois. By consent of the original parties, this latter corporation has been made a party defendant, and the present suit has therefore become one brought by the owner of the patent against the makers of alleged infringing apparatus. A considerable number of defendant's filtering plants have been sold in different states to users, and they are being extensively offered for sale throughout the United States. Com-

plainant is sending out notices to such users, and to persons who are by it believed to be contemplating the purchase of the alleged infringing plants, of which notices the following is a fair sample:

"New York Filter Co., Main Office, 145 Broadway.

"New York, Feb. 9, '93.

"W. W. Hoppin, Esq., Pres't Providence Dyeing, Bleaching & Calendering Co., Providence, R. I.—Dear Sir: We understand that you have purchased, and intend to use in your establishment, a filter, in connection with the use of a coagulent, which infringes our patent; and we think it only fair to you and ourselves to apprise you of the fact that this company owns the only patents covering the use of a coagulent in the filteration of water, and that the use of it by any other manufacturer of filters is entirely unauthorized, and an infringement of our rights. We have notified the various manufacturers of filters that we intend to enforce our claims, but some of them persist in infringing our patents, in the hope that we will submit to it, rather than engage in expensive litigation. We do not believe you will encourage a position of this sort, and therefore acquaint you with the facts.

"Yours, truly,                    New York Filter Co.
                              "Jno. C. Symons, Secy."

The defendant filter company thereupon makes this motion for an order restraining and enjoining complainant from further interfering with the business of the petitioner, and especially from conveying written or printed notices, threats, or warnings to its customers or intended customers, threatening them, directly or indirectly, with an infringement suit or suits in case of their using or procuring said petitioner's filtering apparatus, and for an order restraining the bringing of further suits.

It appears that, long prior to the commencement of the present suit, the assignor of the complainant brought suit in the United States circuit court for the northern district of Illinois against the predecessors of defendant company, charging infringement of the same patent, with the usual prayer for relief. After answer, and the taking of some testimony, that suit was, upon motion of the complainant therein, dismissed without prejudice, upon payment of costs. Notices similar to that quoted above were sent out during the pendency of that suit. Why the original suit was dismissed by the then owner of the patent does not appear, and, in the absence of further proof on that point, the fact that it was begun and discontinued is immaterial to the decision of the present motion. There is nothing to show any unreasonable delay on the part of this complainant in bringing its suit, and the facts in proof as to the Illinois suit do not support the inference, as defendants contend, that the notices now complained of are being sent out maliciously, or in bad faith. The affidavits submitted by the complainant assert that it is the intention to press this suit against the manufacturing infringer to a conclusion, and there is nothing in the defendants' papers to discredit that assertion. The notices, too, are temperate and courteous in form; and the question presented on this motion is thus a very narrow one, viz. whether the owner of a patent, who is prosecuting a suit for infringement against manufacturers, will be restrained by the court from notifying the customers of such manufacturers that such owners claim the apparatus

to be an infringement, and that they intend to enforce their rights against users as well as against manufacturers.

Counsel for the defendant corporation cites the following authorities in the federal courts in support of his contention, which may be briefly referred to: Emack v. Kane, 34 Fed. Rep. 46. In that case the court evidently reached the conclusion that the circulars were not issued because the owner of the patent "believed that his patent was infringed, and intended to prosecute for such infringement," but "solely to intimidate and frighten customers away from the manufacturer, and with no intention of vindicating the validity of the patent by a suit or suits." In that case the owner of the patent had dismissed three suits brought against users as soon as the manufacturer had been made a party thereto, and proof had been taken, "the dismissals being entered under such circumstances as to fully show that [Kane, who issued the circulars,] knew he could not sustain the suits upon their merits;" and the circulars, in that case, expressly stated that the manufacturer would not be sued. Allis v. Stowell, 16 Fed. Rep. 783; Ide v. Engine Co., 31 Fed. Rep. 901; Birdsell v. Manufacturing Co., 1 Hughes, 64; National Cash Register Co. v. Boston Co., 41 Fed. Rep. 51,—undoubtedly sustain defendants' contention. But the learned judges who decided those cases apparently assumed that recovery against the maker of an infringing apparatus, and satisfaction of the damages and profits awarded against him, would pass that particular apparatus out of the limitation of the monopoly created by the patent, and that the user thereof could not thereafter be interfered with. The law, however, is settled otherwise by the supreme court. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. Rep. 244, which holds that recovery against the maker is no bar to an action against the user for damages resulting from his use, and for injunction against further use. Such being the law it is difficult to conceive upon what theory a courteous notification to such user that his apparatus is claimed to be an infringement, and that the owner of the patent intends to apply to the courts to vindicate his right to his monopoly, should be forbidden by the courts, especially when it is quite certain that, should the owner fail to give such notice pending the continuance of his litigation with the manufacturing infringer, the user will insist, when he is sued, that the owner's laches should prevent recovery. Edison Electric Light Co. v. Equitable Life Assur. Soc., 55 Fed. Rep. 478. These views are in accord with Kelley v. Manufacturing Co., 44 Fed. Rep. 19; Tuttle v. Matthews, 28 Fed. Rep. 98.

As to the proposition that the court will interfere on any theory of preventing multiplicity of suits, there is nothing now submitted to show that such multiplicity is to be apprehended, even if a motion of this kind be the proper remedy. There is only one suit now pending, and nothing to indicate that suits are about to be brought against other users until there has been some adjudication of the rights of the owner of the patent in its suit with the manufacturer. If, when complainant has prevailed in that suit, (should he so prevail,) has established the validity of his patent, and shown that the

apparatus which defendant makes and sells is an infringement, users of such infringing machines refuse to accept that result, and individually insist upon continuing their use, complainant may sue each and all of them, though they number 10,000, without thereby instituting such a multiplicity of actions as the courts will enjoin.