## PLIABLE SHOE CO. v. BRYANT et al.

(Circuit Court, N. D. California.  June 28, 1897.)

1. JURISDICTION OF FEDERAL COURTS—SPECIFIC PERFORMANCE OF CONTRACT TO ASSIGN PATENT.

 A suit for the specific performance of a contract to assign a patent is not one arising under the laws of the United States, and the federal courts have no jurisdiction of it as such.

2. SAME—DIVERSE CITIZENSHIP—JURISDICTIONAL AMOUNT.

 In order to give jurisdiction of a suit to a federal court on the ground of diverse citizenship, it must be alleged that the matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000.

Bill in equity for specific performance of contract as to certain letters patent. Demurrer to the bill. Demurrer sustained on the ground of lack of jurisdiction.

Marcus Rosenthal, for complainant.
Smith & Murasky, for defendants.

MORROW, Circuit Judge.  This is a bill in equity, brought to enforce the specific performance of a contract.  The bill alleges that the defendant George Bryant, for certain considerations, on the 22d of January, 1896, assigned, sold, and conveyed to the complainant, a corporation, all of his right, title, and interest in and to the capital stock of the said corporation, "and in and to any and all inventions, improvements, and letters patent for pliable shoes, or machines for making the same"; and also further agreed, upon demand of complainant, to execute "any further assignments of patents or other documents which may hereafter become necessary to secure to the said company the full enjoyment of the said letters patent, or any of them"; that subsequently, upon the 20th day of May, 1896, the defendant George Bryant filed in the United States patent office an application for letters patent of the United States for a machine for manufacturing pliable shoes, and upon such application United States letters patent No. 568.392 were issued, bearing date October 6, 1896; that the said letters patent were issued to the defendant Alice E. Bryant as assignee of the defendant George Bryant; that Alice E. Bryant is a daughter of George Bryant, and was fully aware and had notice of the agreement between the complainant and George Bryant; that complainant, on the 16th of October, 1896,

demanded of defendant George Bryant an assignment of said letters patent to be executed in form necessary to secure to complainant the full enjoyment of the said letters patent. The bill asks for a decree that the defendants be directed to convey and assign to the complainant, by a proper instrument in writing, the said letters patent No. 568,892, together with all the rights and benefits thereunder. The complaint alleges that the Pliable Shoe Company is a corporation incorporated under the laws of the state of Maine, and the defendants are citizens of the state of California. If the jurisdiction of the court is assumed upon the diverse citizenship of the parties, it must appear that the matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000. Act March 3, 1887, as amended by Act Aug. 13, 1888 (25 Stat. 433; 1 Supp. Rev. St. p. 611). There is no allegation to that effect in the complaint. On the other hand, if jurisdiction be claimed on the ground that it is a suit arising under the patent laws of the United States, it is a sufficient answer to say that the object of the bill is to enforce the specific enforcement of a contract. The relief sought is founded on the contract, and not on the patent laws of the United States, and this court has no jurisdiction of such an action. Nesmith v. Calvert, 1 Woodb. & M. 34, Fed. Cas. No. 10,123; Brooks v. Stolley, 3 McLean, 523, Fed. Cas. No. 1,962; Hartell v. Tilghman, 99 U. S. 547; Marsh v. Nichols, 140 U. S. 344, 11 Sup. Ct. 798. The demurrer is sustained.