BENNIE P. HANSON, Appellee, v. HALL MANUFACTURING COMPANY, Appellant.

**COURTS:** Jurisdiction in General—Patents.. A cause of action for damages consequent on a false and malicious slander of plaintiff's business is not removed from the jurisdiction of a state court because of the fact that a *patent* is incidentally and collaterally brought into the case.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

DECEMBER 15, 1922.   .

APPEAL from a ruling sustaining a demurrer to the counterclaim of defendant.   The opinion states the facts material to the determination of the case.   Defendant appeals.—*Reversed.*

*E. E. Reed* and *Barnes, Chamberlain & Hanzlik,* for appellant.

*Crissman & Linville* and *George C. Claason,* for appellee.

DE GRAFF, J.—This appeal involves a question of jurisdiction and nothing else.   Did the cause of action· stated in the counterclaim to which the demurrer is addressed involve state or Federal jurisdiction?   We think the case of *American Well Works Co. v. Layne & Bowler Co.* 241 U. S. 257 (60 L. Ed. 987) is controlling on the point in issue.   Here, as there, the question depends upon the allegations upon which the cause of action is declared.   Here, as there, the cause may be summed up in a few words.

Plaintiff alleges ownership in a certain United States pat-

ent, the legal title to which was in the defendant company but held in trust for the plaintiff. Plaintiff's prayer was that the defendant be compelled to assign and transfer to him the legal title thereof, and the plaintiff's title to said patent quieted in him.

Without question plaintiff selected the right forum. *Binney v. Annan*, 107 Mass. 94; *Annin v. Wren*, 44 Hun (N. Y.) 352; *Pliable Shoe Co. v. Bryant*, 81 Fed. 521; *Wise v. Tube Bend. Mach. Co.* 194 N. Y. 272 (87 N. E. 430); *Billings v. Ames*, 32 Mo. 265; *Blakeney v. Goode*, 30 O. St. 350; *Hunt v. Hoover*, 24 Iowa 231; *Lockwood v. Lockwood & Frederick*, 33 Iowa 509; *Meyers v. Funk* 56 Iowa 52; *Hartell v. Tilghman*, 99 U. S. 547 (25 L. Ed. 357); *Dale Tile Mfg. Co. v. Hyatt*, 125 U. S. 46 (31 L. Ed. 683).

Defendant in his answer denied the right of the plaintiff to the relief demanded and by way of counterclaim alleged that during the years 1915 and 1916 the plaintiff maliciously and with an intent to injure by means of oral threats and written and printed letters and circulars directed to the customers of the defendant, sought to induce the defendant's customers to cease buying the products of the defendant well knowing that the defendant was engaged in the manufacture and sale of steel wagon tongues with adjustable hounds to various buyers in the United States and Canada; that the plaintiff sought by said means to intimidate said trade and to induce the said customers to cease buying plaintiff's products; that said circulars alleged that the plaintiff had the sole and exclusive right to make use and sell the wagon tongue like that manufactured by the defendant and threatened infringement suit against those dealers who handled the defendant's products; that such statements were false and were made with the malicious purpose of injuring the defendant's trade; that the plaintiff did not own the exclusive right to manufacture and sell said article; that at the time said circulars were sent to the defendant's trade the defendant was manufacturing the wagon tongues described in the plaintiff's circulars, but said wagon tongue was not covered by any patent owned by the plaintiff and said circulars were issued and circulated with the intent on plaintiff's part to make said trade and dealers believe that the defendant was manufacturing a

wagon tongue that infringed plaintiff's patent and for the purpose of intimidating defendant's trade and make said dealers believe that by selling and using the products of this defendant they would become liable to the plaintiff for damages by reason of said infringement of said letters patent; that the dealers (whose names are set out) did not know the merits of the plaintiff's claim and that they did not know said claims were without any foundation in fact and that by reason of said circulars and letters many of said dealers became unwilling to assume any risk of using products of said defendant and under stress of the threats made by the plaintiff said dealers refused to further handle the products of this defendant; that defendant has suffered loss thereby in the sum of $20,000.

A demurrer to this counterclaim was filed on the ground that the district court of Iowa had no jurisdiction over the subject-matter of the counterclaim for the reason that the said cause of action involves an infringement and construction of a patent of which the Federal court has exclusive jurisdiction.

This action on the counterclaim sounds in tort and is predicated on slander of property or title. In order to recover under the counterclaim the defendant had the burden to prove (1) the uttering and publication of the slanderous words (2) that they were false (3) that they were malicious (4) that he sustained special damages thereby (5) that it has an estate or interest in the property slandered.

Can the defendant prove that the alleged slanderous words were false without presenting and calling for an analysis and construction of the plaintiff's patents and in effect showing that the scope of the plaintiff's patent is narrower than that claimed and in fact and in law an infringement upon the other patents pleaded?

In the *Layne & Bowler Co.* case, supra, it is said: "It is evident that the claim for damages is based upon conduct, or, more specifically, language, tending to persuade the public to withdraw its custom from the plaintiff and having that effect to its damage. Such conduct having such effect is equally actionable whether it produces the result by persuasion, by threats, or by falsehood, * * * and it is enough to allege and prove the conduct and effect, leaving the defendant to justify if he can.

If the conduct complained of is persuasion, it may be justified by the fact that the defendant is a competitor, or by good faith and reasonable grounds. If it is a statement of fact, it may be justified, absolutely or with qualifications, by proof that the statement is true. But all such justifications are defenses, and raise issues that are no part of the plaintiff's case. In the present instance, it is part of the plaintiff's case that it had a business to be damaged; whether built up by patents or without them does not matter. It is no part of it to prove anything concerning the defendants' patent, or that the plaintiff did not infringe the same—still less to prove anything concerning any patent of its own.''

In brief, the counterclaim is not founded on any of the patent laws of the United States, but is specifically based upon an alleged tort of the plaintiff. The decisions make a clear distinction between *a case* arising under the patent laws and *a question* arising under those laws. *Pratt v. Paris G. L. & C. Co.* 168 U. S. 255 (42 L. Ed. 458).

It is also well settled that the Federal courts have exclusive jurisdiction in law and in equity over cases arising under patent laws and involving the construction and infringement of a patent, but there is nothing in the Federal statutes that deprives a state court of jurisdiction in tort when a patent is incidentally or collaterally brought into the case. Letters and circulars threatening to bring suit for infringement of a patent may be actionable as slander of the property. *Computing Scale Co. v. National Com. Scale Co.* 79 Fed. 962; *New York Filter Co. v. Schwarzwalder,* 58 Fed. 577. An action for deceit in the sale of patent rights is maintainable in a state court although the determination of the case collaterally involves the question of the construction and validity of a United States patent. *David v. Park,* 103 Mass. 501. Likewise a state court has jurisdiction to try an action for damages for the alleged violation of a contract based upon patent rights even if the defense is based on the invalidity of the patent or that its scope does not include the articles involved. *Buffalo Specialty Co. v. Gougar,* 26 Colo. App. 523 (144 Pac. 325). See, also, *Smith & Egge Mfg. Co. v. Webster,* 87 Conn. 74 (86 Atl. 763); *Robison v. Fishback,* 175 Ind. 132 (93 N. E. 666).

We conclude therefore that the instant counterclaim is a suit for damages to business caused by alleged threats or falsehoods, and not in itself a suit under the patent law. The gist of the action is the alleged wrong, and it has a manifest tendency to injure plaintiff's business. Whether it is a wrong or not depends upon the law of this state, and not upon the United States patent law. With this view of the pleaded facts the suit necessarily arises under the law of Iowa and the defendant had a right to have his cause of action tried in the forum in which it was filed. There was error in sustaining the demurrer and the cause is therefore—*Reversed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.