[Civ. No. 7535. Second Appellate District, Division Two.—March 29, 1933.]

E. L. NEVILLE et al., Appellants, v. G. C. HIGBIE et al., Respondents.

James M. Carter and H. Dexter McKay for Appellants.

Scarborough & Bowen for Respondents.

STEPHENS, J.—At the opening of this case in the superior court objection was made and sustained that no

cause of action was stated in the complaint and after plaintiffs had declined to amend, judgment was had against them.

The action is for the recovery of damages for slander of title and the claimed facts are roughly as follows: An exclusive agency in writing was given by plaintiffs to defendants, giving thirty days in which to sell the property in question. An oil boom made the property salable at a high figure and also leasable at an attractive price, but defendant agents would not close a deal. Plaintiffs, by a written notice, attempted to revoke the agency and proceeded to enter into an escrow to sell a part of the property and to lease a part of it. Before either of the deals were consummated defendants caused the agency-authorizing instrument to be officially recorded, thus bringing notice of the agency to the intended purchaser and intended lessee, and both of the deals failed for this reason. The acts of defendants are alleged to be malicious and false. The boom soon collapsed and the land's valuation with it.

Although there are other points made, we think but one need be noticed for it disposes of the case. The so-called exclusive agency for the disposal of the property was limited on its face to thirty days after the date it bore. It cannot be ascertained from the complaint whether the declination to buy or to lease happened before or after the granted agency had expired, and it certainly cannot be successfully maintained that actionable damages could have been suffered subsequent to the expiration date of the recorded instrument.

The judgment is affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.