**INTERNATIONAL INDUSTRIES AND DEVELOPMENTS, Inc., Plaintiff,**

v.

**FARBACH CHEMICAL COMPANY, Inc., Defendant.**

Civ. A. No. 3160.

United States District Court
S. D. Ohio, W. D.

April 2, 1956.

Clarence B. DesJardins, Cincinnati, Ohio, for plaintiff.

Edwin J. Hayes, J. Warren Kinney, Jr., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

Findings of Fact

1.

Plaintiff, International Industries and Developments, Inc., is a New York corporation having its principal place of business in New York, New York, and is the owner of U. S. Patent No. 2,628,199 for a dip-type liquid silver cleaner.

2.

Defendant, Farbach Chemical Company, Inc., is an Ohio corporation, hav-

ing its principal place of business at Cincinnati, Ohio, and is a manufacturer of "Dip-Off", a dip-type liquid silver cleaner.

3.

This is an action arising under the patent laws of the United States, and the Court has jurisdiction in the premises.

4.

Defendant has manufactured a dip-type liquid silver cleaner since 1952 and built up a profitable business therein.

5.

The January 1953 issue of Reader's Digest contained a laudatory article on dip-type liquid silver cleaners, in which 12 different brands of dip-type liquid silver cleaners were approved and mentioned by name, including defendant's product, "Dip-Off".

6.

The Lowenheim patent No. 2,628,199 issued on February 10, 1953, and shortly thereafter plaintiff acquired title thereto.

7.

On April 9, 1953, plaintiff, without prior notice to defendant, mailed 8,000 letters on the letterhead of and signed by B. A. Diggins, a Washington patent attorney, to the "trade", comprising manufacturers, dealers, jobbers, retailers and users of dip-type liquid silver cleaners, stating:

A.   That plaintiff owned patent No. 2,628,199 covering dip-type liquid silver cleaners.

B.   That the patented dip-type liquid silver cleaners were publicized in the January 1953 issue of Reader's Digest (which listed 12 different brands of dip-type silver cleaners by name).

C.   That of the 12 brands listed in the Reader's Digest article only the following brands were made by licensees under plaintiff's patent, viz., Cosmo;   Dip-Away;   Dip-Brite;   Instant-Dip;   and Quik-Dip.

D.   That no manufacturers of brands other than the five listed above have been licensed by plaintiff.

E.   That any persons, etc. manufacturing, advertising, selling or distributing dip-type silver cleaners, other than the five brands above listed, do so at their peril, and

F.   That "any infringement will be liable to prosecution."

8.

On April 13, 1953, defendant formally notified plaintiff that its Dip-Off dip-type liquid silver cleaner was not covered by the claims of patent No. 2,628,199.

9.

Plaintiff filed its complaint against defendant April 20, 1953.

10.

The Court finds, as a matter of fact, that the acid of defendant's dip-type liquid silver cleaner possesses only two of the five "essential" characteristics ascribed to the acids covered by patent No. 2,-628,199.

11.

The Court finds that as a matter of fact the ratio of acid to Thiourea in defendant's product is one part of acid to more than seven parts of Thiourea, by weight.

12.

The Court finds, as a matter of fact, and as admitted in open Court by plaintiff's counsel, that it is a simple and easy matter to analyze defendant's dip-type liquid silver cleaner to determine the identity of the particular acid used and the ratio of that acid to Thiourea, and as substantiated by Dr. Licht's testimony.

13.

The Court finds, as a matter of fact, that plaintiff knew or should have known that defendant's dip-type cleaning fluid did not contain the specific ingredients in the specific percentages and proportions recited in and to which the claims patent No. 2,628,199 are limited.

14.

Plaintiff introduced no evidence showing that it had ever caused defendant's dip-type liquid silver cleaner to be analy-

zed, before, during or after filing of the complaint.

15.

The Court finds, as a matter of fact, that plaintiff misled the Court into dismissing defendant's motion for a summary judgment filed October 28, 1953, on the unfounded grounds that the motion left "genuine issues of fact" which could only be determined at trial, and that plaintiff failed at the trial on December 5 and 6, 1955, to offer any evidence and failed to produce any witness for raising or substantiating any disputed or genuine issues of fact allegedly existent in defendant's 1953 motion for summary judgment.

16.

The Court finds, as a matter of fact, that the scope of patent No. 2,628,199 is expressly limited to acids having each of five characteristics specified in claim 1 thereof, and to an acid-Thiourea ratio of one part of acid to from three to five parts of Thiourea, by weight.

17.

The Court finds as a matter of fact that the plaintiff has failed to sustain the burden of proof of its complaint.

18.

The Court finds, as a matter of fact, that defendant's dip-type silver cleaner does not infringe upon the claims of patent No. 2,628,199.

19.

The Court finds, as a matter of fact, based upon plaintiff's evidence, that Diggins, the Washington patent attorney who wrote the letter of April 9, 1955, 8,000 copies of which were sent to the "trade", had no personal knowledge of the facts set forth in that letter.

20.

The Court finds, as a matter of fact, that Diggins knew, intended and anticipated that his letter would create "an actual controversy under the patent laws" between plaintiff and those in the position of defendant herein.

21.

The Court finds, as a matter of fact, that the Diggins letter of April 9, 1955, caused defendant's customers to question not only defendant's right to manufacture and sell its dip-type liquid silver cleaner, but also their rights to handle defendant's product without fear of infringement.

22.

The Court finds, as a matter of fact, that plaintiff's failure to introduce any evidence at trial to support its charge of infringement conclusively establishes bad faith and malice, first in sending out 8,000 of the "Diggins letters" and secondly in filing the subject complaint.

23.

The Court finds, as a matter of fact and upon the uncontroverted testimony of defendant, that the "Diggins letters" sent by plaintiff to the trade on April 9, 1953, were the primary and direct cause of loss of defendant's dip-type liquid silver cleaner business.

24.

The Court finds, as a matter of fact, that the record fully supports defendant's allegations of malice and bad faith in plaintiff's activities, which were the direct cause of defendant's loss of its valuable business in dip-type liquid silver cleaners.

25.

The Court finds, as a matter of fact, that plaintiff sent out the 8,000 "Diggins letters" of April 9, 1955, like plaintiff's Exhibit 2, maliciously and in bad faith.

26.

The Court finds as a matter of fact that plaintiff failed to prove that the May 1953 issue of Good Housekeeping magazine, plaintiff's Exhibit 6, had any adverse effect upon the dip-type liquid silver cleaner business of defendant.

27.

The Court finds, as a matter of fact, that plaintiff's conduct has been inequitable in the wrongful commencement and

undue prolongation of a wholly unfounded action in bad faith against defendant.

**28.**

The Court finds, as a matter of fact, that plaintiff engaged in wilful, wanton and premeditated acts of unfair trade practice and unfair competition against defendant, to defendant's irreparable damage.

**29.**

The Court finds, as a matter of fact, that the defendant has sustained the burden of proof of its counterclaim and the Court awards defendant judgment in the sum of $100,000 on its counterclaim.

**30.**

The Court further finds, as a matter of fact, that the actions of plaintiff were such that Title 35 U.S.C. § 285 should be evoked and the Court awards reasonable attorney fees in the amount of $15,000 to the prevailing defendant because of the unconscionable and unjustifiable conduct of plaintiff, which was responsible for the present unfounded and drawn-out litigation which has not only put defendant to substantial and unnecessary expense, but which also destroyed defendant's business.

### Conclusions of Law

1. The Court has jurisdiction of this cause and of the parties hereto.

2. The claims of U. S. Patent No. 2,628,199 are not infringed by defendant's dip-type silver cleaner.

3. The complaint herein is dismissed at plaintiff's costs.

4. The issuance of notices of infringement of a patent is unfair competition where such notices are issued maliciously and in bad faith.

5. The wrongful filing of a wholly unfounded infringement action, and the undue prolongation of that action and plaintiff's failure to offer any evidence at the trial for supporting its unfounded charge of infringement conclusively establishes bad faith on the part of plaintiff.

6. Defendant is entitled to a decree as prayed for in the counterclaim herein, with an award of damages in the amount of $100,000 and an award of counsel fees in the amount of $15,000 and costs.