KEMART CORPORATION, a corporation, Plaintiff,

v.

PRINTING ARTS RESEARCH LABORATORIES, Inc., a corporation, Defendant.

Civ. No. 8909.

United States District Court
S. D. California, Central Division.

Nov. 5, 1956.

**22**

Henry Gifford Hardy, Carl Hoppe, San Francisco, Cal., for plaintiff.

Lyon & Lyon, Los Angeles, Cal., for defendant.

MATHES, District Judge.

There having been a further trial of the issues involving plaintiff's claim for damages for alleged trade libel, and for attorneys' fees, in keeping with the mandate of the Court of Appeals, see Kemart Corporation v. Printing Arts Research Laboratories, Inc., 9 Cir., 1956, 232 F.2d 897, and the cause having been again submitted for decision; and it appearing to the court that:

(1) jurisdiction is conferred by 28 U.S.C. § 1332;

(2) the conflict-of-laws rules of California are applicable, Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188; see also Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 1941, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481; American Well Works v. Layne & Bowler Co., 1916, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987;

■ (3) under California law, a tort action is governed by the law of the place where the tort was committed, Loranger v. Nadeau, 1932, 215 Cal. 362, 10 P.2d 63, 65, 84 A.L.R. 1264; Wallan v. Rankin, 9 Cir., 1949, 173 F.2d 488, 490;

■ (4) "The legal principles constituting the law of libel or slander are the same whether corporations or individuals are involved." Maytag Co. v. Meadows Mfg. Co., 7 Cir., 1930, 45 F.2d 299, at page 302, certiorari denied, 1931, 283 U.S. 843, 51 S.Ct. 489, 75 L.Ed. 1452;

■ (5) libelous statements reasonably certain to jeopardize a party's reputation in respect to his business, ability to do business, or methods of doing business, are held in Ohio to be actionable *per se,* see, e. g. International Text-Book Co. v. Leader Printing Co., C.C.N. D.Ohio 1910, 189 F. 86; Cincinnati Street Ry. v. Cincinnati Daily Tribune Co., 1900, 1 Ohio Dec. 281; Watson v. Trask, 1834, 6 Ohio 532; see also Hatchard v. Mege, 1887, 18 Q.B.D. 771;

■ (6) since publication of a false charge of patent infringement is likely to prevent others from engaging in business dealings with the alleged infringer, such a publication is a tort under Ohio law in the nature of a trade libel, or unfair competition, and the injured party may recover actual damages, namely, his business losses resulting from the publication and the expenses involved in clearing up the infringement charge, International Industries & Developments, Inc., v. Farbach Chemical Co., D.C.S.D.Ohio 1956, 145 F.Supp. 34; accord: Neville v. Higbie, 1933, 130 Cal.App. 669, 20 P.2d 348; Hanson v. Hall Mfg. Co., 1922, 194 Iowa 1213, 190 N.W. 967; McGuinness v. Hargiss, 1909, 56 Wash. 162, 105 P. 233, 234; Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, Inc., 8 Cir., 1926, 17 F.2d 255, 257–262, 52 A.L.R. 1187; Restatement, Torts, §§ 573,.

comment g, 624, 647, 773 (1938, 1939); Prosser, Torts, § 108 (rev. ed. 1955); Developments in the Law—Defamation, 69 Harv.L.Rev. 875, 878–88 (1956);

■ (7) recognizing nonetheless an owner's claim of right to protect his interests from invasion, the law of Ohio accords a patentee the qualified privilege to publish a charge of patent infringement to other interested persons, even though the charge later proves to be false, if the patentee reasonably and in good faith believes the charge to be true and was not prompted by malice, but acted solely in defense of his patent, Henry Gehring Co. v. McCue, 1926, 23 Ohio App. 281, 154 N.E. 171, 172; Oil Conservation Engineering Co. v. Brooks Engineering Co., 6 Cir., 1931, 52 F.2d 783, 785–787; Alliance Securities Co. v. De Vilbiss Mfg. Co., 6 Cir., 1930, 41 F.2d 668, 670–671; International Industries & Developments, Inc. v. Farbach Chemical Co., supra, 145 F.Supp. 34; accord: Cal.Civ.Code, § 47(3); Swift & Co. v. Gray, 9 Cir., 1938, 101 F.2d 978, 979–980; 35 U.S.C. §§ 287, 271(c); see also: Virtue v. Creamery Package Mfg. Co., 1913, 123 Minn. 17, 142 N.W. 930, 1136, L.R.A.1915B, 1179; Metro-Goldwyn-Mayer Corp. v. Fear, 9 Cir., 1939, 104 F.2d 892, 899–900; American Ball Co. v. Federal Cartridge Corp., 8 Cir., 1934, 70 F.2d 579, 581, 582, 98 A.L.R. 655; Asbestos Shingle, Slate & Sheating Co., v. H. W. Johns-Manville Co., C.C.S.D.N.Y. 1911, 189 F. 611, 613; Emack v. Kane, C.C.N.D.Ill.1888, 34 F. 46;

(8) here defendant believed that the patent covering its process was valid and was being infringed by plaintiff's process, and this belief did not result from careless ascertainment of defendant's patent rights, but was based upon the opinion of experienced, although interested, patent counsel;

(9) defendant's charge of patent infringement, later determined to be false, was published originally in Ohio and subsequently in a trade magazine of nation-wide circulation, in response to plaintiff's publications denying patent infringement, and for the purpose and with the intent on the part of defendant to defend its own patent interests rather than to injure plaintiff's business;

(10) defendant's publications were directed to the same interested persons to whom plaintiff's publications were directed, namely: a consultant to persons in the photo-engraving field; possible infringers and contributory infringers; and the executive secretary of the trade association, having an official interest in conflicts among members;

■ (11) defendant's out-of-court publications of the false claim of patent infringement were thus made to interested persons without malice, at a time when defendant reasonably and in good faith believed the claim to be true, and so must be held to have been privileged;

■ (12) where, as at bar, defamatory allegations in pleadings are relevant and material to the claim or cause of action or defense asserted, such allegations are unqualifiedly privileged, Cal.Civ.Code, § 47; Gosewisch v. Doran, 1911, 161 Cal. 511, 119 P. 656, 657–658; accord, Buehrer v. Provident Mut. Ins. Co., 1931, 123 Ohio St. 264, 175 N.E. 25, 28;

■ (13) defendant may now assert the defense of privilege, even though not expressly pleaded, since, "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed.R.Civ.Proc. rule 15(b), 28 U.S.C.; Tillman v. National City Bank, 2 Cir., 1941, 118 F.2d 631, 635;

■ (14) "The court in exceptional [patent] cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285;

■ (15) "exceptional cases" are those in which "unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, * * * makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees which prevailing litigants

normally bear." Park-In-Theatres, Inc. v. Perkins, 9 Cir., 1951, 190 F.2d 137, 142;

(16) the two-day delay on the part of one of the defendant's officers in answering questions upon deposition was not due to bad faith, and moreover did not injure plaintiff;

(17) misrepresentation of the scientific background of one of defendant's witnesses, while to be deplored, cannot be said to have been a matter of any consequence in the prosecution or defense on the merits;

(18) the state of the prior art was not materially misrepresented by defendant;

(19) the amount of the supersedeas bond and the form of the injunction restraining plaintiff were determined, not by defendant, but by the court; and

(20) inasmuch as defendant's conduct before, during, and after the trial of this case was actuated by a reasonable belief in good faith that plaintiff's process was an infringement of defendant's patented process, attorneys' fees should not be awarded, Merrill v. Builders Ornamental Iron Co., 10 Cir., 1952, 197 F.2d 16; Park-In-Theatres, Inc., v. Perkins, supra, 190 F.2d 137; cf: Shingle Product Patents, Inc., v. Gleason, 9 Cir., 1954, 211 F.2d 437; Russell Box Co. v. Grant Paper Box Co., 1 Cir., 1953, 203 F.2d 177, 183; E. V. Prentice Co. v. Associated Plywood Mills, Inc., D.C.D.Or.1953, 113 F.Supp. 182, 187–188; Algren Watch Findings Co. v. Kalinsky, 91 U.S.P.Q. 369 (S.D.N.Y.1951), affirmed 2 Cir., 1952, 197 F.2d 69, 72; Falkenberg v. Bernard Edward Co., D.C.N.D.Ill.1950, 85 U.S.P.Q. 127.

Findings of fact, conclusions of law and judgment on plaintiff's claims to damages for alleged trade libel, and to an award of attorneys' fees, are ordered in favor of defendant and against plaintiff, to be settled pursuant to local rule 7, each party to bear its own costs.

It is further ordered that the Clerk this day forward copies of this order by United States mail to the attorneys for the parties appearing in this cause.